[D.I. 151]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

LA MECIA ROSS-TIGGETT,

        Plaintiff,

   v.

REED SMITH, LLP, et al.,

        Defendants.

Civil No. 15-8083 (JBS/AMD)

## **REPORT AND RECOMMENDATION**

       Presently before the Court is a motion to dismiss for failure to prosecute and make discovery filed by Defendants Reed Smith LLP and Christine Phillips (hereinafter, "Defendants"). (*See* Notice of Motion to Dismiss (hereinafter, "Defs.' Mot.") [D.I. 151]; Brief in Support of Defendants' Motion to Dismiss Plaintiff's Complaint for Failure to Prosecute and Make Discovery (hereinafter, "Defs.' Br.") [D.I. 151-1], Jan. 4, 2019.) *Pro se* Plaintiff La Mecia Ross-Tiggett (hereinafter, "Plaintiff") opposes the motion. (*See* Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint for Failure to Prosecute and Make Discovery (hereinafter, "Pl.'s Opp'n") [D.I. 152], Jan. 23, 2019.) Defendants have filed their reply brief. (Defs.' Reply

[D.I. 153], Jan. 28, 2019.) The Court decides this matter on a Report and Recommendation basis pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) in light of the dispositive nature of the sanctions sought.[1] The Court conducted oral argument on the record on May 1, 2019. (Minute Entry [D.I. 163], May 1, 2019.) For the reasons set forth below, the Court recommends that Defendants' motion be granted in part and denied in part.

The pending motion to dismiss is based upon Plaintiff's alleged misconduct throughout discovery. (*See generally* Defs.' Mot. [D.I. 150].) Defendants primarily base their motion to dismiss on Plaintiff's failure to appear at the court-ordered December 19, 2018 status conference, as well as Plaintiff's failure to produce audio recordings and handwritten notes in contravention of the Court's prior Orders. Consequently, the Court shall set forth the facts relevant to these discovery issues. Further, in the Court's Order of March 26, 2019, the Court set forth the background of this case, which shall not be repeated herein. (Order [D.I. 154], Mar. 26, 2019.)

On June 2, 2017, Defendants filed a motion to compel certain documents Defendants asserted to be relevant to the claims and defenses in this case. (*See* Order [D.I. 106], Mar. 29, 2018.)

---

[1] *See* Order [D.I. 161], Apr. 4, 2019 (referring Defendants' motion to dismiss [D.I. 151] on a report and recommendation basis).

Defendants specifically sought the production of audio recordings of conversations between Plaintiff and Reed Smith employees (hereinafter, "audio recordings") and handwritten notes that Plaintiff allegedly made of a meeting with two Reed Smith employees (hereinafter, "notes"). (*Id.*) On March 29, 2018, the Court ordered Plaintiff to produce the audio recordings and the notes within 30 days of entry of the Court's Order. (Order [D.I. 106] (hereinafter, "March 29, 2018 Order"), pp. 8, 20.)[2] On March 29, 2018, the Court also ordered a status conference be held on April 4, 2018.[3] (*See* Order [D.I. 107], Mar. 29, 2018; *see also* Text Order [D.I. 105], Mar. 26, 2018.)

On April 27, 2018, Plaintiff filed a motion for extension of time to file three notices of appeal: (1) an appeal of this Court's March 29, 2018 Order granting in part and denying in part Defendants' motion to compel; (2) an appeal of the District Court's

---

[2] As to the other categories of documents sought by Defendants in the motion to compel, namely, Plaintiff's tax records; documents relating to Plaintiff's efforts to obtain other employment and mitigate damages; documents related to Plaintiff's pension, 401(k), and student loans; and pharmacy prescription records, the Court denied Defendants' motion. (*See id.*, pp. 11-14, 19.)

[3] On the day of the April 4, 2018 conference, Plaintiff submitted a letter to the Court seeking permission to appear by phone because "it ha[d] come to [Plaintiff's] attention that [she] mislaid [her] driver's license[,]" and retrieving it would make her late for the in-person conference. (*See* Pl.'s Ltr., Ex. 10 to Defs.' Br. [D.I. 151-2], p. 66 on the docket.) The Court permitted Plaintiff to appear by telephone. (*See* Order [D.I. 108], Apr. 5, 2018.)

Order of August 25, 2016 denying Defendants' motion for sanctions and granting in part Defendants' motion to dismiss; and (3) an appeal of the Court's August 3, 2016 Order, granting in part and denying in part Defendants' motion to seal. (*See* Mot. for Extension of Time to File Notice of Appeal [D.I. 111], Apr. 27, 2018.) On October 10, 2018, the District Court denied Plaintiff's motion to extend the time to file an appeal. (Order [D.I. 140], Oct. 10, 2018.)

On October 11, 2018, by Text Order, the Court scheduled an in-person status conference for November 6, 2018. (*See* Text Order [D.I. 142], Oct. 11, 2018.) Plaintiff, by letter dated October 23, 2018, (hereinafter, "October 23, 2018 Letter"), requested a 30-day adjournment of the conference. (*See* October 23, 2018 Letter [D.I. 143], Oct. 24, 2018.) In Plaintiff's letter requesting the adjournment, Plaintiff asserted that she was "currently seeking representation for [her] case, and studying the Multistate Professional Responsibility Examination (hereinafter, "MPRE") on Saturday, November 10, 2018." (Pl.'s Ltr. [D.I. 143]; *see also* Ex. O to Pl.'s Opp'n [D.I. 152-3], p. 11 on the docket.) Plaintiff also asserted that she was "in the process of preparing for the New York Law Course, which must be completed by November 20, 2018, in order to study for the New York Law Exam. If [Plaintiff is] able to obtain counsel, then [counsel] will appear on [her]

behalf, prior to the expiry of the adjournment." (*Id.*) By Order dated October 31, 2018, the Court converted the in-person conference to a telephone status conference. (Order on Informal Application [D.I. 145], Oct. 31, 2018.) On November 5, 2018, Plaintiff filed another letter (hereinafter, "November 5, 2018 Letter") renewing her request for an adjournment of the November 6, 2018 conference. (November 5, 2018 Letter [D.I. 146], Nov. 5, 2018.) In that letter, Plaintiff again asserted that Plaintiff needed an adjournment of the status conference to study for two previously scheduled state exams, as well as to find counsel and attend class. (*Id.*) By Order dated November 5, 2018, the Court rescheduled the telephone conference to December 19, 2018. (Order on Informal Application (hereinafter, "November 5, 2018 Order") [D.I. 147], Nov. 5, 2018.) The November 5, 2018 Order further required that "Plaintiff shall comply with the Court's Order of March 29, 2018 by no later than December 18, 2018." (*Id.*) (emphasis omitted). The Order also provided that "[t]he failure of a party or attorney to obey this Order may result in the imposition of sanctions under Fed. R. Civ. P. 16(f)." (*Id.*) (emphasis omitted).

Plaintiff did not appear for the December 19, 2018 telephone status conference scheduled for 2:00 P.M. (*See* Minute Entry [D.I. 149], Dec. 19, 2018; Pl.'s Ltr. [D.I. 150], Dec. 19, 2018.) Instead, Plaintiff filed a letter on that date, time-stamped

at 5:59 P.M. setting forth an adjournment request.[4] (*See* Pl.'s Ltr. [D.I. 150].) On December 19, 2018, Defendants filed a letter with the Court asserting that Plaintiff had failed to produce the notes and audio recordings by December 18, 2019 in violation of the November 5, 2018 Order. (Defs.' Ltr. [D.I. 148], Dec. 19, 2018.) Defendants further asserted that "[d]espite the extension for the Plaintiff to produce documents she was ordered to produce in March 2018, the Plaintiff has again disregarded the Court's most recent Order by not producing the required documents." (*Id.*) On January 4, 2019, Defendants filed the instant motion to dismiss for failure to prosecute and make discovery. (*See* Defs.' Mot. [D.I. 151].) To date, Plaintiff has not produced her notes or audio recordings subject to the Court's March 29, 2018 and November 5, 2018 Orders.[5]

---

[4] In her letter, Plaintiff asserted that while the Court's November 5, 2018 Order directed Plaintiff to comply with the Court's March 29, 2018 Order by December 18, 2018 and appear for a status conference on December 19, 2018, Plaintiff, by way of the October 23, 2018 and November 5, 2018 Letters, had previously communicated Plaintiff's unavailability to the Court and "her inability to comply with these dates as her exam period just ended on December 19, 2018." (*Id.*) Plaintiff further asserted that "[t]here was no way Plaintiff could have complied with the Court's order given her law school and state exams schedule . . . [Thus,] Plaintiff should not be penalized or sanctioned for failing to comply with an order and/or meet deadlines that Plaintiff demonstrated that she would be unable to comply with." (*Id.*) The Court notes that in neither the October 23, 2018 Letter nor the November 5, 2018 Letter does Plaintiff represent to the Court her final exams schedule nor any conflict with the December 18, 2018 or December 19, 2018 dates.

[5] At oral argument on May 1, 2019, the parties confirmed the audio recordings and Plaintiff's notes still have not been produced.

Defendants cite to Federal Rules of Civil Procedure 37(b)(2), 37(d) and 41(b) in support of their motion to dismiss. (*See* Defs.' Mot. [D.I. 151], pp. 1-2; Proposed Order [D.I. 151-3].) Federal Rule of Civil Procedure 41(b) enables the Court to dismiss an action where "the plaintiff fails to prosecute or to comply with" the Federal Rules of Civil Procedure and/or a "court order[.]" FED. R. CIV. P. 41(b). Federal Rule of Civil Procedure 37(b) similarly authorizes the dismissal of an action where a party fails to "obey an order to provide or permit discovery[.]" FED. R. CIV. P. 37(b)(2)(A).[6] Federal Rule of Civil Procedure 37(d)(1)(A) also provides that "[t]he court where the action is pending may, on motion, order sanctions if: (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition; or (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." FED. R. CIV. P. 37(d)(1)(A)(i) & (ii). As Defendants' motion primarily takes issue with Plaintiff's failure to comply with the Court's discovery Orders requiring Plaintiff to produce the audio recordings and

---

[6] Federal Rule of Civil Procedure 16(f)(1) also provides that a court may "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference" or "obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(A)&(C).

notes and appear at the December 19, 2018 status conference, the Court considers the motion under Rules 37(b) and 41(b).

The Court first addresses the issue of whether Plaintiff failed to comply with the Court's previous Orders. Defendants assert that while the Court's previous Orders required Plaintiff to produce notes and audio recordings as well as the appearance of Plaintiff at a discovery conference scheduled for December 19, 2018, Plaintiff failed to comply. (Defs.' Br. [D.I. 151-1], p. 3.) Plaintiff asserts that as to the March 29, 2018 and November 5, 2018 Orders, Plaintiff's requests for adjournments were reasonable. (Pl.'s Opp'n [D.I. 152], pp. 17-18.) Plaintiff asserts that she has sought reasonable adjournments throughout this litigation in response to academic/professional, family, and medical-related obligations. (*Id*.) At oral argument on May 1, 2019, Plaintiff also asserted that she did not comply with the Court's March 29, 2018 Order requiring Plaintiff to produce the audio recordings and notes because she awaited the decision on her motion for extension of time to file an appeal of this Court's March 29, 2018 Order. At the hearing, Plaintiff also asserted that she did not comply with the Court's November 5, 2018 because she is a *pro se* litigant and she believed that she did not need to produce the audio recordings and notes once Defendants filed their motion to dismiss. As to Plaintiff's purported justifications, Defendants

assert that Plaintiff's need for additional time is belied by her engagement in other social activities as demonstrated through photographs Defendants obtained from Plaintiff's Facebook. (*See* Defs.' Br. [D.I. 151-1], p. 5.)

Initially, the Court notes that a *pro se* plaintiff must comply with court rules and orders. *See, e.g.*, *Liggon-Redding v. Twp. of Willingboro*, 2008 WL 11449318, at *4 (D.N.J. Mar. 7, 2008) (holding that a *pro se* plaintiff proceeding *in forma pauperis* was still required to comply with the Federal Rules of Civil Procedure); *see also Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008) (noting that a *pro se* plaintiff is personally responsible for complying with the court's orders). Further, a plaintiff may not rely on the pursuit of a career or academic conflicts to justify delays in prosecuting her case. *See O'Brien v. Red Apple Grp.*, No. 97-6378, 1998 WL 799672, at *2 (S.D.N.Y. Nov. 17, 1998) (holding that plaintiff delayed the case, and the delay was attributable to plaintiff, when he missed a pretrial conference because he was "'preoccupied' with law school exams and preparation for the bar exam[;] [t]here is no excuse for [plaintiff's] absence— at a minimum, he should have called to request an adjournment").

Here, the Court finds that Plaintiff is in violation of the Court's previous Orders dated March 29, 2018 and November 5, 2018 requiring Plaintiff to produce audio recordings and her

handwritten notes. While the Court ordered Plaintiff to produce the materials, Plaintiff admitted at oral argument that she had not produced the discovery. As to the Order dated November 5, 2018 requiring Plaintiff to appear for a telephone status conference on December 19, 2018, the Court finds that Plaintiff violated this Order by failing to appear. Moreover, the Court rejects Plaintiff's argument that she sought reasonable adjournment requests. As to the December 19, 2018 status conference, Plaintiff's request for the adjournment of the conference was not made until *after* the time for that hearing. Nowhere in her earlier adjournment requests did Plaintiff state she could not attend the status conference on December 19, 2018.[7] Further, to the extent that Plaintiff relies on her *pro se* status, her academic/professional obligations, or other purported justifications, these reasons do not permit Plaintiff to disregard her responsibilities in this litigation. For example, even if Plaintiff's request to file an appeal stayed the Court's March 29, 2018 Order, Plaintiff still does not sufficiently address her delinquency in producing the discovery at issue related to the November 5, 2018 Order. None of the reasons sustain the near ten-month delay, from the time the District Court denied her motion for extension of time to file an appeal to the

---

[7] Indeed, the Court had twice rescheduled the conference at Plaintiff's request.

10

present date, in failing to produce the required notes and audio recordings. Further, the reasons proffered have not caused Plaintiff to delay in taking her exams or attending to other academic obligations. Consequently, Plaintiff has failed to comply with the Court's previous Orders of March 29, 2018 and November 5, 2018 by failing to produce the audio recordings and notes and by failing to appear at the December 19, 2018 status conference.

The Court next addresses whether Plaintiff's failure to comply with the Court's March 29, 2018 and November 5, 2018 Orders warrants dismissal. Dismissals constitute "'drastic sanctions, termed 'extreme' by the Supreme Court, . . . and are to be reserved for [such] cases.'" *Chiarulli v. Taylor*, No. 08-4400, 2010 WL 1371944, at 82 (D.N.J. Mar. 31, 2010) (quoting *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984)), *adopted by,* 2010 WL 1566316 (D.N.J. Apr. 16, 2010); *see also Briscoe*, 538 F.3d at 258 (noting that "'dismissals with prejudice . . . are drastic sanctions'" and "it is imperative that the [d]istrict [c]ourt have a full understanding of the surrounding facts and circumstances pertinent to the *Poulis* factors before it undertakes its analysis") (citing *Poulis*, 747 F.2d at 867-68). In determining the appropriateness of dismissal, the Court must ordinarily balance the six factors set forth in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). Specifically, in accordance

with the *Poulis* factors, the Court evaluates: (1) "the extent of the party's personal responsibility[]"; (2) the "prejudice to the adversary" caused by the failure to meet scheduling orders and respond to discovery; (3) "a history of dilatoriness[;]" (4) whether the conduct of the party or the attorney was "willful or in bad faith[;]" (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the "meritoriousness of the claim" or defense. *Poulis*, 747 F.2d at 868-69. *Poulis*, however, "requires the District Court only to balance the six factors and does not set one factor forth as determinative." *Chiarulli*, 2010 WL 1371944, at *4. The Court therefore need not find that each factor "be satisfied for the [] Court to dismiss a complaint." *Hayes v. Nestor*, No. 09-6092, 2013 WL 5176703, at *6 (D.N.J. Sept. 12, 2013) (adopting this Court's report and recommendation) (citation omitted). The Court now turns to an analysis of the *Poulis* factors.

As to the first *Poulis* factor, Defendants assert that while "litigating this matter [p]ro [s]e [and] while matriculating at Fordham Law School," Plaintiff bears the sole responsibility for her inability to comply with her discovery obligations and her refusal to comply with the Court's Orders.[8] (Defs.' Br. [D.I. 151-

---

[8] The Court notes that Defendants also point to Plaintiff's failure to comply with the District Court's Order of October 10, 2018, but this Order did not set forth a date for Plaintiff to produce the audio

12

1], p. 3.) In response, Plaintiff asserts that while "[t]here is no doubt that [Plaintiff] is personally responsible for her matter[, Plaintiff] is not responsible for any dilatory or willful conduct."[9] (Pl.'s Br. [D.I. 152], p. 18.) In reply, Defendants argue that Plaintiff concedes she is personally responsible for her case and that Plaintiff outlines reasons for her delay that are irrelevant. (Defs.' Reply [D.I. 153], p. 3.)

An analysis of the first *Poulis* factor requires an examination of "whether the party bears personal responsibility for the action or inaction which led to the dismissal." *Adams v. Trustees of the New Jersey Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 873 (3d Cir. 1994); *see also Poulis*, 747 F.2d at 868. "[A *pro se*] plaintiff is responsible for his failure to attend a pretrial conference or otherwise comply with a court's orders."

_____

recordings and notes. Rather, the Order denied Plaintiff's motion for extension of time to file an appeal.

[9] In her statement of facts, Plaintiff contends it is Defendants' own "delinquent and outstanding discovery which includes but is not limited to personnel records," and Defendants' "abusive litigation tactics" that have caused Plaintiff to request adjournments. (*Id.*, p. 3.) Plaintiff further asserts that "[i]nstead of meeting their delinquent discovery obligations and filing timely answers, Defendants[] waste the Court's time and resources by filing the instant motion alleging delays that they either caused or manufactured." (*Id.*, p. 4.) Where Plaintiff asserts that Defendants have engaged in abusive or dilatory litigation, the Court rejects this argument. At issue here is Plaintiff's failure to abide by the Court's Orders. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 223–24 (3d Cir. 2003) (rejecting appellant's argument that the delays were caused by appellee, or at least both parties, due to their engagement in a "paper war" with the court because appellee was forced to file motions with the court in response to appellant's dilatory conduct).

*Briscoe*, 538 F.3d at 358-59; *see also Wallace v. Graphic Management Assocs.*, 197 F. App'x 138, 141 (3d Cir. 2006) (finding that as to the first *Poulis* factor, "[a]ny delay or failure to follow the Court's orders was directly attributable to" *pro se* plaintiff "as she was representing herself *pro se*"). Here, the Court finds that Plaintiff bears the responsibility for her failure to comply with the Court's March 29, 2018 and November 5, 2018 Orders. Plaintiff represents herself; she has no counsel. Consequently, the first *Poulis* factor weighs in favor of dismissal.

The Court next considers the second *Poulis* factor, which addresses the prejudice caused by the failure to comply with the Court's Orders of March 29, 2018 and November 5, 2018. *Poulis*, 747 F.2d at 868. Defendants assert they are prejudiced by Plaintiff's delays, which have deterred their ability to defend the case. (Defs.' Br. [D.I. 151-1], p. 4 on the docket; Defs.' Reply [D.I. 153], p. 4.) Defendants also contend that "[m]emories have faded. Evidence has been lost. Persons previously employed by Reed Smith have moved to other jobs[,]" and Plaintiff's refusal to provide discovery has impeded Defendant from pursuing discovery from "witnesses whose knowledge almost certainly was more complete years ago." (Defs.' Br. [D.I. 151-1], pp. 5-6.) Defendants further assert that they have incurred duplicative and significant expense due to Plaintiff's failures to comply with the Court's Orders.

14

(*Id.*, p. 5.) Defendants assert that they have been prejudiced by the need for repeated court intervention to address Plaintiff's defaults, including the filing of the instant motion. (*Id.*, p. 6.) Defendants also argue they have also been prejudiced by the inability to move for summary judgment. (*Id.*, p. 6.) In opposition, Plaintiff asserts that it is Defendants who have prejudiced Plaintiff by their conduct, again raising issues as to the alleged discovery abuses on the part of Defendants. (Pl.'s Br. [D.I. 152], p. 20.)

The Third Circuit has held that "'[e]vidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment.'" *Briscoe*, 538 F.3d at 259 (citing *Adams*, 29 F.3d at 873-74). Consequently, "[u]nder the second *Poulis* factor, the Court examines the prejudice to other parties caused by the delay, including considering whether the party's conduct has resulted in 'extra costs, repeated delays, and the need to file additional motions in response to the abusive behavior of the responsible party.'" *Chiarulli*, 2010 WL 1371944, at *3 (quoting *Huertas v. City of Phila.*, No. 02-7955, 2005 WL 226149, at *3 (E.D. Pa. Jan. 26, 2005), *aff'd*, 139 F. App'x 444 (3d Cir. 2005), *cert. denied*, 546 U.S. 1076 (2005)). Prejudice need not be "'irremediable' or 'irreparable[.]'" *Briscoe*, 548 F.3d at 259 (citing *Adams*, 29 F.3d at 874). Rather, a party may be

prejudiced if the adversary's conduct impedes "its 'ability to prepare effectively a full and complete trial strategy[.]'" *Chiarulli*, 2010 WL 1371944, at *3 (citing *Ware*, 322 F.3d at 222).

Here, the Court finds that Plaintiff's failure to appear and failure to provide the audio recordings and notes as set forth in the Court's March 29, 2018 and November 5, 2018 Orders have resulted in prejudice to Defendants' ability to defend this case. Defendants still do not have the audio recordings or notes Plaintiff was ordered to produce. Thus, as the Court finds there to be prejudice to Defendants, the second *Poulis* factor weighs in favor of dismissal.

Under the third *Poulis* factor, the Court examines whether the disputed conduct evinces a pattern of dilatoriness. *Poulis*, 757 F.2d at 868. Defendants assert that Plaintiff's recent defaults in the form of failing to comply with the Court's November 5, 2018 Order "are only the latest in a string of intentional failures to comply with court orders." (Defs.' Br. [D.I. 151-1], p. 6.) Defendants specifically point to issues related to Plaintiff's deposition and assert that despite being court-ordered to appear for her deposition on November 29, 2016, Plaintiff failed to appear for the deposition. (*Id.*) Defendants also assert that while "Plaintiff, without notice of any kind to counsel, filed a letter the morning of her deposition indicating she would not be

available and seeking relief from the court from appearing. . . . Defendants only learned that Plaintiff would not be appearing after calling her that day while waiting in the courtroom for her to appear."[10] (*Id.*) Defendants further contend that Plaintiff has

---

[10] Plaintiff's deposition scheduling has been the subject of a number of applications and Court rulings. By Scheduling Order dated October 18, 2016, the Court ordered that Plaintiff's deposition be conducted on November 29, 2016 at the Mitchell H. Cohen U.S. Courthouse, Camden, NJ. (*See* Scheduling Order [D.I. 56], Oct. 18, 2016.) In that Order, the Court also permitted Defendants to take Plaintiff's deposition for two consecutive days. (*Id.*) The Court notes that on November 30, 2016, Defendants submitted a letter to the Court representing that Plaintiff had failed to appear for her court-ordered deposition. (Defs.' Ltr. [D.I. 57], Nov. 30, 2016.) The parties submitted responsive letters. (*See* Ltrs. [D.I. 58], [D.I. 59], Dec. 2, 2016.) To address the dispute, the Court conducted a telephone status conference. (*See* Transcript of Hrg. [D.I. 72], Jan. 10, 2017.) On February 3, 2017, the Court granted Plaintiff's request for a stay of the proceedings, ordered that such stay would expire on February 28, 2017, and required Plaintiff's deposition be held on March 15 and 16, 2017. (Order [D.I. 74], Feb. 3, 2017.) By letter dated April 6, 2017, Defendants asserted that they had only completed one day of Plaintiff's deposition and that a second day for her deposition "scheduled for March 15, 2017 . . . was cancelled by Plaintiff due to weather related issues." (Defs.' Ltr. [D.I. 83], Apr. 6, 2017.) Plaintiff confirmed the same. (*See* Pl.'s Ltr. [D.I. 86], Apr. 13, 2017.) Thereafter, Defendants sought Court intervention and a court-ordered deposition date for the second day of Plaintiff's deposition. (Defs.' Ltr. [D.I. 87], Apr. 25, 2017, p. 5.) By Order dated May 8, 2017, the Court required the parties to meet and confer "and arrange for a second day of deposition of Plaintiff to be conducted by no later than June 15, 2017." (Order [D.I. 88], May 8, 2017.) After a series of letters related to Plaintiff's deposition, *see* Ltrs. [D.I. 100], June 28, 2017; [D.I. 101], Sept. 26, 2017; [D.I. 116], June 1, 2018; [D.I. 117], June 1, 2018; [D.I. 118], June 5, 2018, on June 12, 2018, the Court ordered that Plaintiff's deposition be held on June 20, 2018. (*See* Order [D.I. 121], June 12, 2018.) By letter dated June 19, 2018, Plaintiff sent a request to Defendant seeking an adjournment of her deposition due to a scheduling conflict with her daughter's graduation. (*See* Pl.'s Ltr. [D.I. 123], June 19, 2018.) Defendants consented to the adjournment to take place on June 22, 2018. (*See* Defs.' Ltr. [D.I. 124], June 19, 2018.) The Court then granted Plaintiff's request and ordered that Plaintiff's deposition take place on June 22, 2018. (Order on Informal Application [D.I. 125], June 20, 2018.) On June 22, 2018, Plaintiff's continued deposition took place. (*See* Carmagnola Certification [D.I. 151-1] at ¶ 21.)

sought adjournments in this litigation for personal matters, further evidencing a history of dilatoriness. (*Id.*, pp. 7-8.) For example, Defendants assert that while the Court ordered Plaintiff's second day of depositions to take place on June 20, 2018, the day before her scheduled deposition, Plaintiff sought an adjournment of the deposition due to her daughter's graduation. (*Id.*, p. 7.) Defendants also take issue with Plaintiff's failure to appear in-person for the court-ordered April 4, 2018 status conference. (*Id.*)

In response, Plaintiff asserts that Defendants have failed to provide the Court with the full background of the case. (Pl.'s Opp'n [D.I. 152], p. 4.) Plaintiff asserts that she has "actively participated in this litigation" and that from the start of the litigation, Plaintiff attempted to work with Defendants to engage in discovery. (*Id.*, pp. 3, 8.) Specifically, Plaintiff points to the good-faith efforts to find dates for her deposition in 2016, but Plaintiff asserts that it was defense counsel who delayed in responding to Plaintiff's letters. (*Id.*, pp. 6-7.) Plaintiff also asserts that on October 18, 2016, the Court ordered Plaintiff's deposition for November 2016 over Plaintiff's "statement of unavailability"[11] but there was no need for a court-

---

[11] Plaintiff asserts that "[o]n October 18, 2016, [Plaintiff] tried to explain to the Court that she was unavailable for deposition in November[]" and that Plaintiff "tried in vain to explain to the Court

ordered deposition.[12] (*Id.*, p. 8.) Plaintiff also asserts that she gained no advantage in the litigation and her requests were not self-serving. (*Id.*, p. 5.) As noted *supra*, Plaintiff relies on arguments that she did not produce the audio recordings and notes or appear for the court-ordered status conference because Plaintiff awaited the District Court's ruling on her motion seeking to appeal this Court's March 29, 2018 Order and because Plaintiff's *pro se* status, her schooling and state law exams, other personal reasons, and Defendants' motion to dismiss prevented her from complying with the Court's March 29, 2018 and November 5, 2018 Orders.

---

that she was in one of the most important semesters of her law school career as a first-year law student. Additionally, [Plaintiff] could not access the Court's Wi-Fi, and had no electronic access to her school's examination calendar. Yet over and above her statement of unavailability, [Plaintiff] was basically told to appear for Court-ordered depositions on November 29, 2016." (Pl.'s Opp'n [D.I. 152], p. 8.) However, Plaintiff does not point to any portion of the transcript of the hearing in which Plaintiff advises the Court of her unavailability on November 29, 2016. Moreover, after Plaintiff represented to the Court that she may have exams during the first two weeks of December 2016, the Court permitted Plaintiff to review her phone to determine if there were any conflicts she had with the date of November 29, 2016 for her deposition. Plaintiff then represented that "[f]rom what [she could] see on [her] phone it look[ed] like [she was] available, but [she would] have to confirm that again with [her] school schedule." (Hrg. Transcript [D.I. 72], Jan. 10, 2017 at 11:24-12:1.) Plaintiff did not notify the Court of a conflict after the hearing.

[12] Plaintiff also points to Defendants' continued failure to provide Defendant Christine Phillips' answer to Plaintiff's amended complaint "which was due over two years ago." (*Id.*, p. 4.) Plaintiff cites to the District Court's Order of August 25, 2016 wherein the Court ordered Defendant Phillips to answer the NJLAD claim within 21 days. (*Id.* n.1.) However, any such failure does not excuse Plaintiff's failure to comply with the Court's Orders.

In reply, Defendants again point to Plaintiff's conduct related to the recent status conference that purportedly demonstrates Plaintiff's "constant strategy[:] ask for an adjournment, receive it, refuse to comply with orders or rules and claim that counsel and the Court did not accommodate her." (Defs.' Reply [D.I. 153], p. 5.)

"'Extensive or repeated delay or delinquency'" or "'consistent tardiness in complying with court orders'" suffices to demonstrate a history of dilatoriness. *Chiarulli*, 2010 WL 1371944, at *3 (quoting *Adams*, 29 F.3d at 874) (citing *Poulis*, 747 F.2d at 868)). However, the Court need not find multiple instances of dilatory action in order to warrant dismissal. *Poulis*, 747 F.2d at 868. Further, the Court "must evaluate 'a party's problematic acts . . . over the life of the case." *Briscoe*, 538 F.3d at 261.

Here, the Court considers Plaintiff's conduct in light of the history of the present litigation and finds that Plaintiff's failure to comply with the Court's March 29, 2018 and November 5, 2018 Orders rises to the level of repeated delay. As noted *supra*, Plaintiff failed to appear for the court-ordered December 19, 2018 status conference and requested an adjournment after the hearing. Plaintiff was granted two prior adjournments of the status conference, knew of the date of the conference, and was not granted an adjournment for the December 19, 2018 conference prior to the

20

hearing. As to the notes and audio recordings, Plaintiff has yet to produce the materials. Thus, the Court finds that Plaintiff has demonstrated a history of dilatory conduct and further finds that the third *Poulis* factor weighs in favor of dismissal.

As to the fourth *Poulis* factor, the Court examines whether there is the "'type of willful or contumacious behavior which [i]s characterized as flagrant bad faith[.]'" *Adams*, 29 F.3d at 875 (citing *Scarborough v. Eubanks*, 747 F.2d 871, 875 (3d Cir. 1984)). "In the context of discovery sanctions, willfulness and bad faith 'involve[ ] intentional or self-serving behavior.'" *Chiarulli*, 2010 WL 1371944, at *3 (quoting *Adams*, 29 F.3d at 875). Moreover, "'where the record is unclear . . . a consistent failure to obey orders of the court, at the very least, renders a party's actions willful for the purposes of the fourth *Poulis* factor.'" *Hayes*, 2013 WL 5176703, at *5 (citation omitted). However, mere negligence or inadvertence does not rise to the level of willful or bad faith conduct. *Briscoe*, 538 F.3d at 262 ("If the conduct is merely negligent or inadvertent, we will not call the conduct 'contumacious.'").

Here, Defendants assert that Plaintiff's conduct is willful because Plaintiff has repeatedly engaged in "misconduct while [being] on notice of the consequences[.]" (Defs.' Br. [D.I. 151-1], p. 8.) The Court finds that Plaintiff's failures to comply

with the Court's November 5, 2018 Order to appear before the Court on December 19, 2018 and the Court's March 29, 2018 and November 5, 2018 Orders to produce audio recordings and notes were willful. Plaintiff has been given multiple opportunities to produce the materials. Further, despite the express language in the Court's November 5, 2018 Order, that **"THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN THE IMPOSITION OF SANCTIONS UNDER Fed. R. Civ. P. 16(f)**[,]" Plaintiff failed to appear at the court-ordered status conference on December 19, 2018. (*See* November 5, 2018 Order [D.I. 147].) Plaintiff's failures to comply with the March 29, 2018 and November 5, 2018 Orders demonstrate a willful contravention of her court-ordered obligations. Thus, the Court finds that the fourth *Poulis* factor weighs in favor of dismissal.

With respect to the fifth *Poulis* factor, the Court considers the efficacy of sanctions other than dismissal. *Poulis*, 747 F.2d at 868. "'The Third Circuit has identified a number of alternative sanctions available to a court, including a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees or the preclusion of claims or defenses.'" *Hayes*, 2013 WL 5176703, at *5 (citation omitted). In light of Plaintiff's failure to appear and failure to comply with the Court's previous Orders, the Court finds that alternative sanctions would not effectively deter future dilatory

22

conduct. Further, at oral argument, Plaintiff asserted the financial constraints on her ability to litigate the case. Thus, the Court finds that a monetary sanction would not be effective to deter future dilatory conduct. *See Liggon-Redding*, 2008 WL 11449318, at *5 ("[S]ince Plaintiff proceeds [*pro* se] and [*in forma pauperis*], monetary sanctions would not be an effective alternative sanction to Plaintiff's misconduct."). Consequently, the fifth *Poulis* factor weighs in favor of dismissal.

Finally, in addressing the sixth *Poulis* factor, or the meritoriousness of a pleading, courts generally consider whether "the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis*, 747 F.2d at 869-70. A court need not, however, balance both parties' claims and defenses nor have "a mini-trial before it can impose default." *Hayes*, 2013 WL 5176703 (citing *Hoxworth v. Blinder, Robinson & Co.*, Inc., 980 F.2d 912, 922 (3d Cir. 1992)). At this stage of the proceedings, the Court lacks a record sufficient to evaluate the meritoriousness of Plaintiff's claims. The Court therefore finds this factor neutral.

Consequently, for the reasons set forth herein, the Court finds that sanctions are warranted and dismissal is proper. The Court respectfully recommends that Defendants' motion [D.I. 151] be granted in part and denied in part as follows: Plaintiff's

complaint shall be dismissed with prejudice; to the extent that Defendants' motion seeks the payment of costs and fees associated with filing the present motion, that portion of the motion is denied.[13]

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service pursuant to Local Civil Rule 72.1(c)(2) and Federal Rule of Civil Procedure 72(b)(2).

s/ Ann Marie Donio
ANN MARIE DONIO
UNITED STATES MAGISTRATE JUDGE

Dated:  August 7, 2019

---

[13] The Court notes that the dismissal of a complaint is an extreme sanction, and Plaintiff has demonstrated a desire to litigate her case. For example, Plaintiff has sought comparator and related discovery. (*See, e.g.*, Mot. to Appeal [D.I. 157], Apr. 12, 2019.) Plaintiff also appeared before the Court for oral argument on the instant motion. The Court further notes that courts have conditionally granted motions to dismiss and provided a plaintiff one final opportunity to comply with outstanding discovery obligations. *See, e.g.*, *Demark v. Powell*, No. 13-7843, 2017 WL 4277170, at *2 (S.D.N.Y. Sept. 25, 2017)(granting a conditional dismissal requiring plaintiff to explain her failure to respond to defendant's discovery requests within thirty (30) days and holding that "[f]ailure to file an explanation [would] result in" dismissal of her action with prejudice); *Morse v. Cnty. of Los Alamos*, No. 08-11992, 2009 WL 5220170, at *1 (D.N.M. Dec. 4, 2009) ("Because [plaintiff] has willfully refused to take part in this case . . . , the Court will conditionally grant the [d]efendant's motion for sanctions[, and plaintiff] has ten days to" comply with any outstanding obligations or face dismissal of the complaint). Here, Plaintiff has been provided with ample opportunity to comply with the Court's Orders and consequently, the Court does not recommend a conditional discharge at this time.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

LA MECIA ROSS-TIGGETT,  |  Civil No. 15-8083 (JBS/AMD)

            Plaintiff,

    v.

REED SMITH, LLP, et al.,

            Defendants.

## PROPOSED ORDER

This matter comes before the Court by way of motion to dismiss for failure to prosecute and make discovery filed by Defendants Reed Smith LLP and Christine Phillips. (*See* Notice of Motion to Dismiss [D.I. 151]; Brief in Support of Defendants' Motion to Dismiss Plaintiff's Complaint for Failure to Prosecute and Make Discovery [D.I. 151-1], Jan. 4, 2019.) The Court has considered the Report and Recommendation submitted by the Honorable Ann Marie Donio, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). The parties were notified that they had fourteen (14) days from receipt of the Report and Recommendation to file and serve objections pursuant to Local Civil Rule 72.1(c)(2). The Court finds that the Report and Recommendation is neither clearly erroneous, nor contrary to law. Consequently, for good cause shown:

IT IS on this _____ day of _____ 2019 hereby

**ORDERED** that the Report and Recommendation is **ADOPTED**; and it is further

**ORDERED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

_____

UNITED STATES DISTRICT JUDGE