ALD-130                                                                                        February 27, 2020

## UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

C.A. No. **19-3501**

LA MECIA ROSS-TIGGETT, Appellant

    VS.

REED SMITH, LLP; ET AL.

    (D.N.J. Civ. No. 1-15-cv-08083)

Present:    MCKEE, SHWARTZ and PHIPPS, Circuit Judges

    Submitted are:

    (1)    By the Clerk for possible dismissal due to a jurisdictional defect; and

    (2)    By the Clerk for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) or summary action pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

    in the above-captioned case.

                        Respectfully,

                        Clerk

_____ORDER_____

This appeal is dismissed for lack of appellate jurisdiction. Appellant seeks review of the District Court's orders denying her motion to compel discovery and imposing an evidentiary sanction. Those orders are not immediately appealable as final decisions under 28 U.S.C. § 1291 under the collateral order doctrine or otherwise. See, e.g., Bacher v. Allstate Ins. Co., 211 F.3d 52, 53 (3d Cir. 2000). The District Court also has not certified its rulings for immediate appeal under 28 U.S.C. § 1292(b), cf. Hagans v. Henry Weber Aircraft Distribs., Inc., 852 F.2d 60, 61 (3d Cir. 1988), and appellant has not sought permission to appeal pursuant to any such certification. We further decline to construe appellant's notice of appeal as a petition for a writ of mandamus because

appellant has neither requested nor stated grounds for that extraordinary relief.  See Bacher, 211 F.3d at 57 n.1.  Appellant may challenge the rulings that she presently seeks to appeal, if it is otherwise proper for her to do so, on appeal from the District Court's final judgment in this case.  In light of our ruling, we do not reach the issues of possible dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary action.

By the Court,

s/Patty Shwartz
Circuit Judge

Dated: April 27, 2020
SLC/cc: Domenick Carmagnola, Esq,
La Mecia Ross-Tiggett

A True Copy:

Patricia A. Dodszuweit

Patricia S. Dodszuweit, Clerk
Certified Order Issued in Lieu of Mandate

OFFICE OF THE CLERK

**PATRICIA S. DODSZUWEIT**

**CLERK**

UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT
21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA, PA  19106-1790

Website: www.ca3.uscourts.gov

TELEPHONE
215-597-2995



April 27, 2020

Domenick Carmagnola
Carmagnola & Ritardi
60 Washington Street
Third Floor
Morristown, NJ 07960

La Mecia Ross-Tiggett
25103 Osprey Way
Princeton Junction, NJ 08550

RE: La Mecia Ross-Tiggett v. Reed Smith LLP, et al
Case Number: 19-3501
District Court Case Number: 1-15-cv-08083

ENTRY OF JUDGMENT

Today, **April 27, 2020** the Court issued a case dispositive order in the above-captioned matter which serves as this Court's judgment. Fed. R. App. P. 36.

If you wish to seek review of the Court's decision, you may file a petition for rehearing. The procedures for filing a petition for rehearing are set forth in Fed. R. App. P. 35 and 40, 3rd Cir. LAR 35 and 40, and summarized below.

Time for Filing:
14 days after entry of judgment.
45 days after entry of judgment in a civil case if the United States is a party.

Form Limits:
3900 words if produced by a computer, with a certificate of compliance pursuant to Fed. R. App. P. 32(g).
15 pages if hand or type written.

Attachments:
A copy of the panel's opinion and judgment only.
Certificate of service.
Certificate of compliance if petition is produced by a computer.
No other attachments are permitted without first obtaining leave from the Court.

Unless the petition specifies that the petition seeks only panel rehearing, the petition will be construed as requesting both panel and en banc rehearing. Pursuant to Fed. R. App. P. 35(b)(3), if separate petitions for panel rehearing and rehearing en banc are submitted, they will be treated as a single document and will be subject to the form limits as set forth in Fed. R. App. P. 35(b)(2). If only panel rehearing is sought, the Court's rules do not provide for the subsequent filing of a petition for rehearing en banc in the event that the petition seeking only panel rehearing is denied.

Please consult the Rules of the Supreme Court of the United States regarding the timing and requirements for filing a petition for writ of certiorari.

Very truly yours,

s/ Patricia S. Dodszuweit
Clerk

By:  s/ Shannon, Case Manager
267-299-4959

cc:      Mr.William T. Walsh